## Case No. 824.

### The BALTIC.

[3 Ben. 195.] [1]

District Court, S. D. New York. April, 1869.

COLLISION—DAMAGES—EXCEPTIONS — INTEREST ON REPAIRS—DEMURRAGE—COSTS—APPORTIONMENT.

1. In estimating the damages caused by a collision, interest at six per cent. on the sum paid for the repairs of the injured vessel, is to be added.

2. To recover demurrage, the party must show, by evidence, that he sustained loss of service of his vessel, and that he sustained damage by such loss.
[Cited in Johanssen v. The Eloina, 4 Fed. 574.]
[See Barrett v. Williamson, Case No. 1,051; same case, on appeal, 13 How. (54 U. S.)

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

101; Cannon v. The Potomac, Case No. 2,386; same case, on appeal, 105 U. S. 630; The Rhode Island, Case No. 11,743; The Stromless, Id. 13,540; The Santee, Id. 12,329; The Thomas Kiley, Id. 13,924.]

3. Where, in a suit brought to recover damages for collision, the court held both vessels in fault, and that the damages must be apportioned and ordered a reference to ascertain the damages, and the commissioner reported an amount as "due to the libellant:" *Held*, that the commissioner should have reported that sum as "the damages sustained by the libellant by reason of the collision," and that the report should be amended accordingly.

4. Where both parties excepted to the commissioner's report, and the libellant's exceptions were all overruled, and the claimant's principal exception was allowed, and it appeared that the evidence before the commissioner related almost wholly to items which were disallowed: *Held*, that, the costs of the reference and of the exceptions should be allowed to the claimant, but the costs of the cause to and including the interlocutory decree should be allowed to the libellant.

[Cited in Vanderbilt v. Reynolds, Case No. 16,839.]

5. That, if the difference between the two bills of costs was in favor of the libellant, it should be added to his recovery, but, if in favor of the claimant, it should be deducted from the recovery, or, if larger than the recovery, the latter should be deducted, and the claimant have a decree for the remainder.

[6. Cited in The Hercules, 20 Fed. 205, and The Mary Patten, Case No. 9,223, to the point that where both vessels are at fault, and only one injured, one may recover half her damage and full costs.]

In admiralty.

Weeks and Forster, for libellant.
Benjamin D. Silliman, for claimants.

BLATCHFORD, District Judge. This, a case of collision, in which a decree was made to the effect that the collision was caused by the negligence of both vessels, and that the damages should be equally apportioned. A reference was ordered to ascertain the damages and the question of costs was reserved. [The Baltic, Case No. 823.] The commissioner reports as due to the libellant on account of the matters mentioned in the pleadings, $959.13. No reference to report the amount so due to the libellant was made to the commissioner. What the commissioner ought to have reported, and what, from the evidence, he manifestly intended to report, was, that the $959.13 was the damages sustained by the libellant by reason of the collision. The report must be amended so as to conform to the fact and to the order of reference. I shall treat it, however, as being a report that the damages sustained by the libellant, by reason of the collision, amount to $959.13. Both parties have excepted to the report. The $959.13 is made up of three items: (1) Repairs to the libellant's vessel, $392.22; (2) Ten days' demurrage, at $45 per day, $450; (3) Interest on the $392.22, from December 26th, 1863, to the date of the report, at the rate of six per cent. per annum. The libellant has filed seven exceptions to the

report, claiming: (1) That the interest on the $392.22 should be at the rate of seven per cent. per annum; (2) That the libellant ought to have been allowed interest at the rate of seven per cent. per annum on the $450 demurrage; (3) That the libellant ought to have been allowed $1,000 for permanent injury sustained by his vessel by the collision; (4) That he ought to have been allowed interest on such permanent injury. The fifth, sixth, and seventh exceptions of the libellant are to the exclusion by the commissioner of testimony offered by the libellant on the reference. The claimants have put in two exceptions to the report, claiming: (1) That no interest should have been allowed on the amount of the cost of repairs; (2) That no demurrage should have been allowed to the libellant.

There is no dispute as to the propriety of the allowance of the $392.22. Interest on that amount, it being the amount actually paid for repairs put on the libellant's vessel, as a consequence of the collision, forms a proper item in the damages; and the proper rate is six per cent. and not seven per cent. The Ocean Queen, [Case No. 10,410.]

As to the demurrage, I think the commissioner erred in allowing it. No proper case for its allowance is made out by the evidence, within the ruling in Williamson v. Barrett, 13 How. [54 U. S.] 101, 110, 111. The libellant wholly fails to show, by evidence, that he sustained any loss of service of his vessel, during the ten days while she was undergoing repairs, or that he sustained any damage by any such loss.

The claim for an allowance for permanent injury was properly rejected by the commissioner. The evidence on the part of the libellant on that subject is altogether vague and inconclusive, and the weight of it is, that the vessel was in as good condition after the repairs were made as she was before the collision.

I see no error on the part of the commissioner in excluding evidence.

All the exceptions on the part of the libellant are overruled. The first exception on the part of the claimants is disallowed and the second is allowed. The report of the commissioner must stand as a report made December 16th, 1868, reporting the amount, at that date, of the damages sustained by the libellant, by reason of the collision, at $509.13. This amount, with interest at the rate of six per cent. per annum, to the date of the decree to be entered, will be apportioned equally between the libellant and the claimants' vessel.

As to costs. I give to the libellant his costs in the cause, to and including the interlocutory decree of May 2d, 1868, and the costs of entering the final decree. The costs of the reference under the interlocutory decree, and the costs of the exceptions and of the hearing thereon. I award to the claimants, as the testimony before the commissioner re-

lates almost wholly to the items of demurrage and permanent injury, both of which are disallowed, and as the libellant's exceptions are all of them overruled, and the claimants' principal exception is allowed. If there is any balance in favor of the libellant, between the two bills of costs, it will be added to his recovery. If there is any balance in favor of the claimants, between the two bills of costs, it will be deducted from such recovery, if less than such recovery; and, if larger than such recovery, such recovery will be deducted from it, and the claimants will have a decree for the remainder.