JOHANSSEN *v.* THE BARK ELOINA, etc.

(*District Court, E. D. New York.* ——, 1880.)

1. DAMAGE BY COLLISION—DEMURRAGE AND INTEREST.—Where a vessel at anchor in New York bay was damaged by collision with another one drifting, and recovered therefor, *held*, that the evidence warranted the conclusion that the anchor was lost by being slipped to avoid the collision, and the inference was fair that to recover it would cost all it was worth, the claimant making no attempt to repel it; that interest on demurrage is not to be allowed under the practice of this court.

Exception to Report of Commissioner.

*Butler, Stillman & Hubbard,* for libellant.

*Coudert Bros.,* for claimant.

BENEDICT, D. J.   The evidence seems to require the conclusion that 45 fathoms of chain were lost, if any was lost. The evidence as to the value of the chain does not appear to be objected to, and it may be deemed sufficient to warrant the conclusion that the value of 45 fathoms of chain and the anchor was $694.54.   As to the demurrage, the allowance of two days is all that the evidence will support.   The charge of $10 for a translation of the log was properly disallowed. It was not a disbursement necessarily resulting from the collision.   The charge for the protest is different, because the law of Norway makes it the duty of the master, in every case of collision, to take the testimony of his crew, and embody it in a protest.

The evidence warrants the conclusion that the slipping of the anchor was caused by the collision, and the circumstances gave no time to buoy it.   It having been proved that the anchor and chain were slipped when the vessel lay out in the bay where the water is deep, the fair inference, in the absence of any other evidence, is that it would not be possible to recover it, except by an expenditure equal to its value.   If such be not the fact, it was easy for the claimant to show it. The proposition that in all cases where property is sunk, in order to entitle a libellant to recover for its loss, direct evidence that it cannot be raised must be given, is not supported

by the authority cited, (*The America,* 11 Blatchf. 486.) The impossibility of raising sunken property is inferrible from circumstances. Where property is sunk in broad ocean, the fact of locality will warrant the inference that it was impossible to recover it. So in this case it is proper to infer, from the nature of the articles sunk and the locality, that the cost of raising would exceed the value of the property. This inference is fair, because there has been no attempt on the part of the claimant to adduce facts calculated to repel such an inference. Earnest objection is made to the allowance of interest. The commissioner has allowed interest upon the demurrage, in accordance with the decision in the late case of *The Alexandria,* S. D. of N. Y., July, 1879, where the learned judge of the southern district of New York, after examining the subject, held that interest upon demurrage must be allowed, in order to give full indemnity.

Upon the argument here it was claimed, on behalf of the libellant, that the ruling of Judge Choate, in the case of *The Alexandria,* had been affirmed by the chief justice, upon appeal; while on the other hand it was claimed that a different ruling had been made by the chief justice in the case of *The New Orleans,* and it was also claimed that the case of *Mailer* v. *Express Co.* 61 N. Y. 316, decided by the New York court of appeals, to which Judge Choate refers in his opinion, has since been overruled by the court of appeals in the late case of *White* v. *Miller,* October 14, 1879. See New York Weekly Digest of January 23, 1880. In this district the practice hitherto has been not to allow interest upon demurrage; and the practice in the southern district of New York is believed to have been the same, up to the time of the decision of the case of *The Alexandria.* In the case of *The Baltic,* in the southern district, 3 Ben. 195, no interest on the demurrage was allowed by the commissioner. The report was before the court upon exceptions, but the question of interest was not passed on. In the case of *The Thomas Kiley,* 3 Ben. 229, no interest upon the demurrage was allowed, but it does not appear that it was claimed. In the case of *The Favorita,* 4 Ben. 133, where demurrage formed a principal

point of the controversy, interest upon the demurrage was not allowed, but it does not appear that it was claimed. In the case of *The Transit,* 4 Ben. 138, no interest on the demurrage was allowed, and, so far as appears, no claim for interest was made. In the case of *The Emelie,* 4 Ben. 235, no interest on the demurrage was allowed, and, so far as appears, none was claimed. In the case of *Keen* v. *Audenried,* 5 Ben. 53, demurrage was allowed, but, so far as appears, interest was not claimed. This was an action upon a charter-party, where the liability for demurrage arose from the contract, and the rate of demurrage was fixed by the charter. In the case of *393 Tons of Guano,* in this district, 6 Ben. 535, demurrage was allowed without interest. This case, like the last, was upon a contract, and where no claim for interest was made. In the case of *Baetjer* v. *Boers,* 7 Ben. 293, demurrage was allowed without interest, and no exception was taken. This also was upon a contract. In the case of *The New Orleans,* decided May 25, 1877, this question was distinctly presented to Judge Blatchford, in the district court of the southern district of New York, by an exception to the refusal of the commissioner to allow interest on demurrage in a case of collision, and the ruling of the commissioner was upheld. These cases show that the practice in the district courts of these two district has been not to allow interest on demurrage. The case of *The Alexandria,* above referred to, was before the chief justice holding the circuit court for the southern district; but an examination of the opinion on file shows that no objection was made in that court to the amount of the decree in the district court. It is evident, therefore, that the allowance of interest in that case was not made a subject of review in the circuit court. The case of *The New Orleans,* above referred to, in which Judge Blatchford, upon the exceptions to the report, expressly ruled against the allowance of interest on demurrage, also came before the chief justice in the circuit court upon appeal, and was decided some weeks after his decision of the case of *The Alexandria.* It was there declared that "the judge below was right in his rulings," one of which rulings was that interest

on the demurrage was not allowable. The opinion of the chief justice also contains the following language: "As to interest on the sum allowed for demurrage, I think under the circumstances it was properly rejected. The amount allowed is sufficient, under the circumstances, to cover interest to the date of the report." This language, taken in connection with express affirmance of the ruling that interest upon demurrage was not allowable, at the most imports nothing more than that the allowance of interest upon demurrage is in the discretion of the court, in view of all the circumstances. It thus appears that there is no decision binding upon this court which can be considered an authority for the allowance of interest on demurrage; and with all my respect for the opinion of the judge of the southern district, I am unable to see that it is my duty to change the practice hitherto pursued in this court. I may add that, if interest on demurrage is to be allowed in the discretion of the court, the present is a case for its disallowance, because of the unreasonable delay on the part of the libellant to bring his cause to trial, and the hardship that in this case has resulted therefrom.

The libellant's second exception is allowed, and the others disallowed. The claimant's exception as to allowance of interest is allowed, and the others disallowed.