### THE JOSÉ E. MORÉ.

#### KERR v. THE JOSÉ E. MORÉ.

*(Circuit Court, E. D. New York. December 1, 1888.)*

**1. COLLISION—EXTENT OF LIABILITY.**
    The liability of the owners of a vessel for damages resulting from a collision, in which she was at fault, is limited to the amount of their risk in the voyage, which is (1) the value of the ship; (2) the expenses of the voyage, including ship-stores, loading charges, and pay of crew; and (3) the actual gain of the voyage, estimated by deducting from the freight earned the amount of the voyage expenses and such additional expense as is incurred in earning the freight after the collision.

**2. SAME—INTEREST ON AWARD.**
    Interest on the amount awarded against the owner of a vessel causing a maritime collision is chargeable only from the date of the decree. Following *The Manitoba,* 7 Sup. Ct. Rep. 1158.

In Admiralty. On report of commissioner.

On December 6, 1885, a collision occurred between the steam-ship Pomona and the barkentine José E. Moré, off Barnegat, N. J. Cross-libels were filed, and this court, affirming the district court, has held the barkentine solely at fault, and adjudged that libelant's damages amount to the sum of $14,002.51. 35 Fed. Rep. 921. The claimants of the barkentine then paid libelant the sum of $6,105 on account, and this court ordered a reference to report the value of the interest of the claimants in the José E. Moré and her freight moneys as of the date of the collision, for the purpose of limiting the liability of the claimants. The commissioner has reported all the proofs taken before him. The barkentine, which completed her voyage, and arrived at this port the day after collision, was appraised soon after the filing of the libel, and her value was ascertained to be $6,000. This valuation has been mutually accepted. Two questions are now raised: *First,* whether claimants are bound to pay interest from the date of collision or from the date of decree; *second,* whether they are bound to pay anything more than net freight, and what charges are to be deducted from the gross freight to ascertain what is net freight.

*Jas. K. Hill, Wing & Shoudy,* and *Harrington Putnam,* for libelant, cited:

To the question of freight: *The Scotland,* 105 U. S. 24; *The City of Norwich,* 118 U. S. 492, 6 Sup. Ct. Rep. 1150; Laws U. S. 1884, c. 121, § 18; *The Linda Flor,* Swab. 309; *The Maria and Elizabeth,* 12 Fed. Rep. 627; *The Abbie C. Stubbs,* 28 Fed. Rep. 719; *In re Wright,* 10 Ben. 14; *Allen* v. *Mackay,* 1 Spr. 219; *The Benares,* 14 Jur. 581; *Wilson* v. *Dickson,* 2 Barn. & Ald. 2; *The Jersey Tar,* 8 Ir. Jur. 317; Lown. Av. (Lond. Ed. 1888) 324. To the question of interest: *The Dundee,* 2 Hagg. Adm. 143; *The Amalia,* 34 Law J. Pr. 21; *The Northumbria,* L. R. 3 Adm. & Ecc. 6, 12; *Ex parte Rayne,* 1 Gale & D. 374; *Straker* v. *Hartland,* 34 Law J. Ch. 123; *Smith* v. *Kirby,* 1 Q. B. Div. 131; *The Wanata,* 95 U. S. 600; *The Favorite,* 12 Fed. Rep. 213; *The Vernon,* 36 Fed. Rep. 113; *The Scotland,* 105 U. S. 24.

*Owen & Gray* and *Edward L. Gray,* for claimants, cited:

*The Manitoba,* 122 U. S. 97, 7 Sup. Ct. Rep. 1158; *Sumner* v. *Caswell,* 20 Fed. Rep. 249; *In re Wright,* 10 Ben. 14; *Williamson* v. *Barrett,* 13 How. 111; *The Heroine,* 1 Ben. 227.

LACOMBE, J., (*after stating the facts as above.*) The question as to interest has been settled by the supreme court in the case of *The Manitoba,* 122 U. S. 97, 7 Sup. Ct. Rep. 1158. It is chargeable only from the date of the decree of the district court.

At the date of the collision the claimants had at risk in their maritime adventure the value of the vessel, $6,000; the investment they had made by way of loading charges, etc., $231.87; the investment they had made by purchasing ship-stores and hiring master and mariners, $461.25; and whatever actual gain there might be by way of freight over the amount of these last two investments. At that time the apparent gain was $398.38, less whatever additional it might cost to earn it. Had the barkentine sunk in mid-ocean, the sum of all these items would have been lost to the owner, and would have been the limit of his loss. The apparent gain by way of freight, $398.38, was in fact saved by means of expenditures subsequent to the collision amounting to $386.60, thus leaving $11.78 as the actual gain which stood at risk at the date of collision. The aggregate of all these sums thus at risk is $6,704.90, which is the value the vessel, $6,000, plus the gross freight earned, less expenses after collision, ($1,091.50 — $386.60 = $704.90.) There is no reason, on principle, why these investments, which the owners had up to the date of the collision exposed to the risks of their maritime adventure, should not respond for all loss incurred; and the latest authority cited apparently sustains this view. *The Abbie C. Stubbs,* 28 Fed. Rep. 719. The value of the claimants interest in the José E. Moré and its freight moneys as of December 6, 1885, is adjudged to be the sum of $6,704.90. **The wages and board of master and mariners for the day succeeding the accident and in which voyage was completed are also to be deducted from freight.** Decree accordingly.