## THE ILLINOIS.

### BALANO v. THE ILLINOIS.

#### (District Court, E. D. Pennsylvania. January 3, 1898.)

COLLISION—DAMAGES—INTEREST.

In determining the amount of the damage award, the value of the injury done to the vessel is to be ascertained, and then an amount equal to interest thereon to the time of the trial may be added, not strictly as interest, but as part of the damage compensation.

This was a libel in rem by the owners of the schooner Mabel Jordan against the steamship Illinois to recover damages for a collision. The owners of the Illinois also brought in the tug Gladisfen as a corespondent. In the district court it was held that the Illinois alone was in fault (65 Fed. 123), and the cause was referred to a commissioner to report the amount of damages. The commissioner having now filed his report, the hearing is upon exceptions thereto.

John F. Lewis, for libelants.

N. Dubois Miller, for respondent.

BUTLER, District Judge. After careful reading of the commissioner's report and the briefs of counsel in support of their exceptions, I am satisfied that the exceptions should be dismissed. The commissioner's findings relate to matters determinable by the evidence, and in my judgment they do the parties substantial justice. The evidence respecting the numerous disputed items is conflicting, and the commissioner's duty was a difficult one. A different conclusion than that reached by him, respecting some of them, might possibly be sustained by the evidence as reported, but the commissioner, who saw and heard the witnesses, is best qualified to estimate the value of their testimony, and I have found nothing that would justify me in differing from him.

As respects the allowance for demurrage, I think the evidence of the vessel's actual earning capacity is sufficient to answer the claim based on the charter; and in this respect the case resembles that of The Redruth (recently decided here) [26 C. C. A. 338, 81 Fed. 227]. As

respects the allowance for permanent injury to the vessel, the commissioner appears to have examined the subject with great care and intelligence, and has reached a conclusion fully justified by the evidence. To sustain such a claim the evidence of such injury should be fully proved: and in this instance, in my judgment, it is. The sum called interest added to the $5,000 was necessary to make full compensation at this time. It is not strictly interest—which is due only for the withholding of a debt—but the compensation for the permanent injury to the vessel was due as of the time when it was inflicted, and the addition of what is called interest is justly added for withholding it. If the respondent's position in this respect were sound no compensation on this account would be due until such time as the vessel might be sold. It is not sound, however; $5,000 of the value of the vessel, as the commissioner has found, was destroyed by the collision and the libelant was thus deprived of this amount of his property. He was justly entitled to be paid for it when deprived of it, and such payment being withheld, the usual compensation for the withholding of a debt is the common method of compensating for the withholding of damages due for a tort. It has been held in one or more instances that where a jury renders a verdict for the amount of damages resulting from an injury and adds interest from the date of its infliction, the verdict should be set aside; but it is quite well settled that in ascertaining the amount of compensation to be paid, it is justifiable to find the extent of the injury valued in money, and add a sum equal to interest to make compensation at the time of such finding. It is but charging the wrongdoer with what he may justly be supposed to have made out of the money which belonged to the party injured.

The exceptions must be dismissed and the report confirmed.