## THE MAHANOY.

### (District Court, S. D. New York. January 28, 1904.)

**1. COLLISION—DIVISION OF DAMAGES—INTEREST.**
In the Second Circuit, where the damages for collision are divided, interest is allowed from the dates of disbursements, subject to the exercise of the court's discretion.

In Admiralty. Suit for collision. On settlement of final decree.

James J. Macklin, for libelants.
Wheeler, Cortis & Haight, for claimant.

ADAMS, District Judge. On the settlement of a final decree, the question is presented, whether interest on the damages in a collision case, runs from the beginning, where there is joint fault and the damages are divided. The claimant contends that it should not, because pending proceedings there is no fixed liability, which is only determined by judicial decision, citing The Itasca (D. C.) 117 Fed. 885, 893. The liability relates back, however, to the collision and it has been usual to allow interest in such cases on the damages when they commence, especially on disbursements, subject to the exercise of the court's discretion. Spencer on Marine Collisions, § 206. I do not perceive any logical difference where the damages are divided. No such distinction has been observed in this circuit. The Baltic, 3 Ben. 195, Fed. Cas. No. 824. Interest will be allowed from the dates of disbursements.

¶ 1. See Collision, vol. 10, Cent. Dig. § 284.