### THE CUMBERLAND.

### THE ADMIRAL FARRAGUT.

(District Court, D. Massachusetts. February 15, 1905.)

Nos. 1,354, 1,359.

COLLISION—DAMAGES—DEMURRAGE.

Where, at the instance of claimant, the cost of repairing a vessel injured in collision has been adopted as the measure of damages to the libelant, he is entitled to recover, by way of demurrage, compensation for

the loss of her use during repair, or, where she was sold without repairing, but before the repairs could have been completed, he may recover demurrage to the time of sale.

[Ed. Note.—Demurrage, definitions and general principles, see notes to Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.]

In Admiralty. Suit for collision. On exceptions to assessor's report.

Carver & Blodgett, for the Cumberland.

Frederic Dodge and Harrington Putnam, for the Admiral Farragut.

LOWELL, District Judge. This case comes before the court on exceptions to the assessor's report. The interlocutory decree directed that the damages should be divided, and it appears that both vessels were damaged.

The Cumberland was in collision July 7, 1902; was abandoned to the underwriters July 31st, and on that day the abandonment was accepted; was sold by the underwriters August 20th. The libelant claims demurrage between July 7th and August 20th. The claimant contends that no demurrage is allowable, but only interest. The assessor allowed demurrage to July 31st.

If the property of A. is injured by B., A. can recover from B. the damage suffered; but, in assessing this damage, a court or jury is guided by rules more or less artificial. Where a vessel is totally destroyed in a collision, the Supreme Court has decided that the libelant shall recover "the value of the vessel, with interest thereon, and the net freight pending at the time of the collision." The Umbria, 166 U. S. 404, 421, 17 Sup. Ct. 610, 41 L. Ed. 1053. See The Columbus, 3 W. Rob. 158. Under the circumstances stated, this rule is deemed to furnish a restitutio in integrum. That the wreck has been sold for a sum more or less considerable does not affect the rule, except by crediting the price received to the wrongdoer. But no plaintiff is permitted to enhance his damages, and so the respondent, whom the libelant seeks to charge with the original value of the vessel damaged (either the total value, or the balance left after deducting from the total value of the vessel the proceeds of the wreck), may show in reduction of damages that she can be restored by repair to her original condition for a smaller sum. He may then satisfy his liability by paying the cost of these repairs. The substitution of cost of repair for diminution in value as a measure of damages is ordinarily a concession to the claimant, and not a substituted method of assessment of which the libelant can avail himself at his discretion. If the repairs cost more than the loss of value, the claimant can ordinarily satisfy his liability by paying the latter. The Havilah, 50 Fed. 331, 1 C. C. A. 519; The Venus (D. C.) 17 Fed. 925. Where loss of value is awarded, interest is ordinarily allowed from the collision to the time of payment. The Illinois (D. C.) 84 Fed. 697. Where the cost of repairs is awarded, the libelant recovers, in addition thereto, compensation for loss of the vessel's use during repair. This compensation is called "demurrage."

Applying these rules to the case at bar, we find that the libelant sought to recover the difference between the value of the Cumberland before collision and her value after collision, as determined by the

price received for the wreck. Had the libelant obtained the assessment of damages by this rule, he would have received only interest on the sum awarded; but the claimant contended that the damages awarded should be limited to the cost of repair. Since this contention has prevailed, the payment of demurrage cannot now be resisted. There are cases in which demurrage has been allowed, although the vessel was sold before repair. Philadelphia Steam Towboat Co. v. Philadelphia R. R., Fed. Cas. No. 11,085, affirmed in 23 How. 209, 16 L. Ed. 433. In The Catherine, 17 How. 170, 174, 175, 15 L. Ed. 233, the wreck was sold, and the reference in the opinion of the Supreme Court to Williamson v. Barrett, 13 How. 101, 110, 14 L. Ed. 68, indicates that demurrage was to be allowed. In The Empire State, 2 Ben. 178, Fed. Cas. No. 4,473, nothing was said about demurrage. The interest there mentioned may well have been interest on the cost of repairs after they were made. The distinction between interest and demurrage is not based, as the claimant contends, upon the actual repair of the injured vessel by the owner. Interest attends an allowance for loss of value; demurrage, an allowance for cost of repair. The Empress Eugenie, Lush. 138; The South Sea, Swab. 141; The Ernest A. Hamill (D. C.) 100 Fed. 509. In La Champagne (D. C.) 53 Fed. 398, the cost of repair was used as a criterion (not the only one) of loss of value, but the award was based upon "the difference between her value in her damaged condition and her value before the collision." In The Rhode Island, Abb. Adm. 100, 106, note, Fed. Cas. No. 11,744, interest was allowed by the Circuit Court as compensation for loss of use (the method of computation adopted by the District Court), "not because I think it founded upon any fixed or established principle, but because it is just enough in itself, and I have not been able to find any principle that would justify the adoption of a higher measure of damages in the given case." The Rhode Island is not authority for depriving the libelant of demurrage where his recovery has been limited to the cost of repair.

The contention of the libelant is sustained, and demurrage is allowed to August 20th, when the vessel was sold. The libelant asks for no more, and the repairs could not have been completed by that time.