THE SITKA (two cases). THE ELIZA H. STRONG. THE COMMODORE.

(District Court, W. D. New York. July 13, 1907.)

Nos. 139, 140, 142.

1. COLLISION—DAMAGES RECOVERABLE—INTEREST.

Where the injury received by a vessel in collision was repaired, interest is allowable on the damages recovered from the vessel in fault only from the time the cost of the repairs became payable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Collision, § 284.]

2. SAME.

Interest is not recoverable on demurrage awarded to a vessel for the time she was laid up for repairs after an injury in collision.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Collision, §§ 284, 290.]

In Admiralty. On exceptions to report of commissioner on the question of the amount of damages.

For former opinion, see 132 Fed. 861.

Knud Pederson, for libelants.
Brown, Ely & Richards, for Strong Transportation Co.
Potter & Potter, for Gilchrist Transportation Co.

HAZEL, District Judge. Heretofore this court condemned the steamer Sitka for her negligence in colliding in St. Mary's river with the steamer Eliza H. Strong. There were two collisions, the second being between the Sitka and the barge Commodore in tow of the Eliza H. Strong; and as to such collision this court held both the steamer and barge in fault and decreed a division of the damages. The decision of the court will be found in 132 Fed. 861. The commissioner appointed herein, upon the authority of The Iroquois, 84 Fed. 697, allowed interest on the damages sustained by the Strong as against the Sitka upon the theory that from the time of the collision such allowance was proper as compensation for permanent injuries and repairs. In The Iroquois, supra, a permanent injury to the vessel was proven, and from the time of its infliction the libelant was deprived of her earning capacity. In this case the proofs show that the injured vessel was undergoing temporary repairs for about seven days, for which period of time demurrage has been allowed.

Interest should be allowed the libelant from the time the disbursements for repairs of the Strong became payable, instead of from the time of the collision. The decisions hold that the allowance of interest rests in the discretion of the court, and it is usually allowed from the time the damages or items of expense were incurred. The Mahanoy

(D. C.) 127 Fed. 773; Spencer on Marine Collisions, § 206. See, also, North Shore Staten Island Ferry Co. v. Huguenots, Fed. Cas. No. 10,-330. The authorities cited by proctors for the Sitka, who contend that interest is allowable only from the time the final decree is entered, do not strictly apply. In The Manitoba, 122 U. S. 97, 7 Sup. Ct. 1158, 30 L. Ed. 1095, and The Jose E. More (C. C.) 37 Fed. 122, interest was allowed from the date of the decree.; but the conclusions therein were based upon a limitation of liability, the surety bond filed standing as a substitute for the vessel, and because of such limitation of liability all of the damages sustained by the libelant were not recoverable. Interest, therefore, could only be recovered from the date of the decree.

It is contended by libelant that, on account of claimant's delay in making proof of damages after libelant had closed its evidence, interest should be allowed from the time of the collision. Upon this point it is sufficient to say that I think any delay there may have been was not wholly without the implied assent of libelant. Certainly the latter was not "strictly urgent to bring the case to decision," nor did the claimant strenuously seek such delay, as was the case in The Rabboni (D. C.) 53 Fed. 948.

It is also objected by claimant that the commissioner erred in allowing interest on demurrage. It is doubtful whether this item should be allowed. The weight of authority would seem to withhold its allowance. The Eloina (D. C.) 4 Fed. 573, and cases cited. Upon the hearing before the commissioner, as shown by the brief submitted to him, interest on demurrage was demanded by claimant against the barge Commodore. Such allowance of interest to libelant was made without his attention being called to the rule enunciated by Judge Benedict in the case above cited. Libelant contends that heretofore in this district interest on demurrage was allowed, and in support of such contention The Bulgaria (D. C.) 83 Fed. 312, is cited; but in that case the point was not pressed or expressly passed upon.

The other exceptions of the claimant and the exceptions filed by the libelants are not sustained. The commissioner has correctly passed upon the numerous and difficult propositions presented, and, with the exceptions hereinbefore mentioned, is amply supported in his rulings by the precedents cited by him in his written opinion.

Therefore, except as herein modified, the report of the commissioner is affirmed.