## THE HANNAH A. LENNEN.

### THE BUENA VISTA.

### JETT v. TEXAS CO.
#### No. 1578.

District Court, D. Delaware.
April 9, 1948.

James M. Tunnell, Jr. (of Tunnell & Tunnell), of Georgetown, Del., for libelant.

William Prickett, of Wilmington, Del. and Leon T. Seawell (of Hughes, Little & Seawell), of Norfolk, Va., for respondent.

RODNEY, District Judge.

The facts of this case appear in 73 F. Supp. 699 and will not be here repeated. The case involved a collision on June 16, 1944 when the vessel of the libelant, the Hannah A. Lennen, was sunk and totally lost. From the evidence it was determined that the collision was attributable to the fault of both boats and a divided liability established. Subsequently, by stipulation, the value of the Lennen at the time of the collision was established as $52,500, and the responsibility of each party at $26,250. By the stipulation questions of liability for interest, the date from which such interest should be calculated and the rate thereof, and the liability for costs were reserved for further consideration.

The respondent, conceding that the allowance of interest in admiralty is discretionary, contends: (1) in case of mutual fault interest will be allowed only from the date of the decree; (2) interest will be denied to a libelant who exaggerates his claim; (3) interest will be denied to a dilatory libelant; (4) interest should not be allowed at the maximum legal rate where the prevailing value of money is a lower percentage; and (5) in case of mutual fault the costs should be apportioned.

These questions will be considered in their order.

■■ (1) It is conceded that the allowance of additional damage by way of interest rests in the sound legal discretion of the court. Comprehensive collections of pertinent authorities may be found in 96 A.L.R. 20 and 111 A.L.R. 1300. The general rule is that, in collision cases resulting in the total loss of a vessel, interest will be allowed from the date of the collision. Where only damage occurs interest is often allowed from the date of the expenditure for repairs. In either case the rule governing interest is not rigidly applied where such application is inequitable.

■ The respondent contends that in cases of mutual fault interest should not be allowed from the date of the collision but only from the date of the decree and for this we are referred to The Wright, 2 Cir., 109 F.2d 699. The case just cited was primarily concerned with questions of interest as affecting the United States both as libelant and respondent, but did mention interest as applying to cases of mutual fault. The application of questions of interest to cases of mutual fault impels some slight discussion of the nature of such interest as applying to a loss cognizable in admiralty. The term "interest" as applied in connection with a loss cognizable in admiralty is somewhat of a misnomer. In cases of debt interest is allowed qua interest because the parties expressly or impliedly agreed to pay such interest. In cases of loss cognizable in admiralty the damages recoverable do not bear interest as such but an amount may be allowed as additional compensation for the delay in payment and to arrive at this additional amount the prevailing legal

rate of interest is regarded as the fair legal measure. The Gettysburg, D.C.E.D.Pa., 10 F.Supp. 807; Petition of Diamond Coal & Coke Co., D.C.W.D.Pa., 297 F. 242, 246; The Manhattan, 3 Cir., 85 F.2d 427; The J. G. Gilchrist, D.C.W.D.N.Y., 173 F. 666, 672.

The case of The Wright, supra [109 F.2d 702], recognized the rule of the Second Circuit that, where damages are divided as a result of mutual fault, interest is allowed at least from the date of disbursements by the injured party, but said, "Several cases deny the award of interest prior to decree to either party where damages are divided as a result of joint fault. This is based on the uncertainty as to the party which will have the ultimate liability to make payment on determination of the balance due." In support was cited, inter alia, Kawasaki Zosensho v. Cosulich Societa Triestina Di Navigazione, 5 Cir., 11 F.2d 836, certiorari denied 265 U.S. 581, 44 S.Ct. 456, 68 L.Ed. 1190. The Wright and Kawasaki cases were both cases in which cross libels had been filed. In such a situation there is, of course, some uncertainty as to which party shall have the ultimate liability. Where only one libel is filed the only uncertainties are those accompanying every admiralty action and every action sounding in tort, viz., the uncertainty of proving liability and the amount of damages. In such cases there is no uncertainty as to the party who should pay all or a portion of the damages if liability can be proven. If interest could not be allowed until the damages are liquidated and the responsibility fixed, it is difficult to see in what admiralty cases of collision interest could ever be discretionary or allowed from a date preceding the decree fixing liability, and the general rule regarding interest in admiralty proceedings would have no force.

While the foregoing distinction as to cross libels may have some validity in this case, it is by no means established that where cross libels are filed in mutual liability cases interest should only be computed from the ascertainment of liability. In The Manitoba, 122 U.S. 97, 7 S.Ct. 1158, 30 L.Ed. 1095, there was mutual liability and cross libels had been filed. One vessel was sunk and entirely lost and interest on the

damage was computed from the date of the collision. The other vessel suffered lesser damages and was appraised and bond given. Interest on the bond was computed from the date of the district court's decree.

The only case in which interest, or additional damage computed in the manner of interest, has been denied where mutual fault was involved and only one libel had been filed was The Itasca, D.C.S.D.Ga., 117 F. 885, 895. No authorities were there cited nor the principle discussed at any length. This case was distinctly considered in The Mahanoy, D.C.S.D.N.Y., 127 F. 773, and not approved. In The Mahanoy, a case involving mutual fault, interest was allowed from the date of the disbursements.

The true rationale, it seems to me, is shown in The Baltic, D.C.S.D.N.Y., Fed. Cas.No. 824, 3 Ben. 195. In that case Justice Blatchford, in a case involving mutual fault, allowed interest from the date of disbursement by the injured party but upon a somewhat different approach. Instead of dividing the damage because of the mutual fault and then applying interest from the date of loss on the moiety of the damage, he ascertained the full damage at the date of loss and to this added interest in the nature of additional damage to the date when mutual liability was determined and then divided the total damages between the parties. The result by either method of approach, however, is precisely the same. The damage to the present libelant occurred at the date of collision when the Lennen was sunk and totally lost. The respondent has been held liable for a portion of that damage as of the date of that collision. The libelant is not fully compensated for the damage assessed against the respondent by the mere payment now of one-half of the loss occurring on June 16, 1944, but to it must be added an additional damage, computed in the manner of interest, to the date of the filing of the stipulation as to value and the decree entered thereon, viz., March 19, 1948. The El Monte, 5 Cir., 252 F. 59, 64.

Unless the allowance of interest shall be affected for some reason now to be considered it should be computed from June 16, 1944 to March 19, 1948.

(2) and (3) The consideration of these contentions will be combined. The respondent, conceding the allowance of interest is discretionary, contends that the discretion of the court to allow interest in full measure will not be exercised because (a) the libelant in the libel placed the valuation of his boat at an exaggerated amount, $105,000, whereas such valuation was later stipulated to be $52,500, and (b) the libelant was dilatory in not filing his libel until five months after the accident and several other periods of inactivity and of undue length occurred before the case was brought to trial. The respondent is entirely correct that in many instances exaggerated claims of damage and undue delays have influenced the courts either in refusing the allowance of interest in its entirety or decreasing the amount of such interest. See cases collected in 96 A.L.R. 33. One underlying reason why either an exaggerated claim of a libelant or undue delay in the prosecution of the claim operates inequitably against the respondent is because either course of conduct tends to prevent the respondent from discharging its obligation at the earliest practicable date and, therefore, the allowance of interest against the respondent operates to its loss. This reasoning has no application to this case. At the time of the collision when the libelant's boat, the Lennen, sank, the boat of the respondent, the Buena Vista, continued on its course and its exact identity was for a considerable time unknown to the libelant. Every agent of the respondent during the entire course of the proceeding and during the trial itself denied that the Buena Vista had been a party to any collision with the Lennen or that any physical impact between the two vessels had taken place. I find no undue or unexplained delay and I think the allegation of valuation in the libel no reason to refuse or reduce the allowance of interest under the facts of this case.

(4) It is contended that the rate of interest is discretionary and that the court should take judicial knowledge of economic conditions and apply a lower rate than the Delaware legal rate of 6%. Assuming that the fixation of the rate is discretionary in admiralty, I see no reason to adopt a rate

different from that which is uniformly applied in admiralty proceedings and applicable in Delaware to ordinary verdicts at law. The Manhattan, D.C., 10 F.Supp. 49, affirmed 3 Cir., 85 F.2d 427, certiorari denied 300 U.S. 654, 57 S.Ct. 432, 81 L.Ed. 864.

(5) As to costs. It is clearly the law of the Third Circuit that where a collision resulted from joint negligence and the libelant recovered a judgment for half damages, there being no cross libel or allegation of damage in the respondent's answer, the costs may also be divided. The Pennsylvania, D.C.E.D.Pa., 15 F. 814, affirmed 24 F. 296; The Frank S. Hall, D.C. E.D.Pa., 128 F. 816.

A decree in accordance herewith may be submitted.