The REISS STEAMSHIP COMPANY,
a corporation, Libelant,

v.

UNITED STATES STEEL CORPORA-
TION, Pittsburgh Steamship Di-
vision, Respondent.

No. A 64–56.

United States District Court
N. D. Ohio, E. D.

Oct. 6, 1969.

Thomas O. Murphy, of Johnson, Bran-
and & Jaeger, Cleveland, Ohio, for libel-
ant.

Robert G. McCreary, Jr., of Arter &
Hadden, Cleveland, Ohio, for respondent.

## MEMORANDUM OPINION

CONNELL, District Judge.

This case has been presented to this Court upon a motion by the libelant requesting interest be awarded upon a decree in Admiralty holding that both parties were equally at fault. See Reiss Steamship Co. v. United States Steel Corp., 374 F.2d 142 (6 Cir. 1967). The libelant requests that interest be awarded at a rate, within the discretion of the Court, from the date of payment of invoices pertaining to repairs to both vessels, and from the date of the collision with respect to the loss of use sustained by libelant. On the other hand, respondent requests the Court to deny interest and costs to either party and enter a decree on the basis of an already agreed upon figure founded upon the division of damages in a mutual fault collision.

■ It is generally recognized that the allowance of interest on an award in Admiralty is a matter within the discretion of the District Court.

In The Wright, 109 F.2d 699, 702 (2 Cir. 1940) the Court says:

"It is stated repeatedly that the award of interest in admiralty is a matter of the court's discretion."

This principle was further stated in O'Donnell Transport Co. v. City of New York, 215 F.2d 92, 95 (2nd Cir. 1954), the Court said,

"And consonant with many decisions in this and other circuits, the Court below clearly recognized that the allowance or disallowance of interest is a matter within the discretion of the admiralty court."

In The Scotland, 118 U.S. 507, 518, 6 S.Ct. 1174, 1175, 30 L.Ed. 153 (1885), the principle was stated then which has been subsequently affirmed on numerous occasions,

"The allowance of interest on damages is not an absolute right. Whether it ought or ought not to be allowed depends upon the circumstances of each case, and rests very much in the discretion of the tribunal which has to pass upon the subject whether it be a court or a jury."

In reviewing the cases, the appellate courts have affirmed the trial judges' discretion in almost every case, leaving the result within their discretion in many different situations. See and compare; O'Donnell Transport Co. v. City of New York, supra; American Union Transport Co. v. Aguadilla Terminal Inc., 302 F.2d 394 (1 Cir. 1962); Lady Nelson Ltd. v. Creole Petroleum Corporation, 286 F.2d 684 (2 Cir. 1961).

Upon reviewing the law in this situation, the history of awarding interest on damages reflects a great deal of confusion. The general rule originally could probably have been stated as one in which no award of interest could be permitted for unliquidated damages. However, today this rule has been departed from considerably in almost every circumstance. In Great Lakes Dredge & Dock Co., In re, 250 F. 916 (1 Cir. 1917), the District Judge said;

"in cases of collision, the great weight of authority is that interest on the damages eventually awarded should be computed from the date of the collision, or from the dates when payments for the necessary repairs were actually made."

Although this case did not involve a mutual fault collision, it does reflect a change in the original rule. Further-more, with the large amount of discretion granted to the District Judge, an inevitable amount of diversity in thinking resulted in the granting of interest in Admiralty decrees.

In The Manitoba, 122 U.S. 97, 78 S.Ct. 1158, 30 L.Ed. 1095 (1886), interest was permitted from the date of the collision to the date of the decree of the Circuit Court. In The Mahanoy, D.C., 127 F. 773 (1904), the question that arises is whether interest will be allowed in a situation where there is joint fault and the damages are divided. In this instance the Court said;

"The liability relates back, however, to the collision and it has been usual to allow interest in such cases on the damages when they commence, especially on disbursements, subject to the exercise of the court's discretion. * * * Interest will be allowed from the dates of disbursements."

The Hannah A. Lennen, 77 F.Supp. 471 (D.C. 1948), was a case involving a collision in which a vessel of the libelant was sunk and totally lost. The evidence showed that the collision was attributable to the fault of both boats. In this instance, the court stated;

"in collision cases resulting in the total loss of a vessel, interest will be allowed from the date of the collision. Where only damages occur interest is often allowed from the date of the expenditure for repairs."

In the Petition of Buckeye S. S. Co., 93 F.Supp. 818, 821 (N.D. Ohio, E.D.1950), this court, although not faced with a mutual fault collision, affirmed the general rule on collision and stated;

"In Admiralty the granting of interest rests in the discretion of the trial court. The general rule, unless special circumstances compel a different conclusion, is that interest on damages should be computed from the date of collision or from the date when payment for necessary repairs was actually made."

In comparing this decision and the basis for determination of damages, with The Glenbogie, 1937 A.M.C. 1194 (1937),

which was decided by the same court, it is the opinion of this Court that no conflict exists between these two decisions. As stated in Petition of Buckeye S. S. Co., the interest was based upon an award of damages for collision where in *The Glenbogie,* no collision was involved, but rather the liability concerned damages and loss to cargo which was due to the sinking of the barge while laid up for the winter.

At this point it must be pointed out that there are instances where the damages that are attributable to the collision are in dispute. In Great Lakes Towing Co. v. Kelley Island Lime and Transport Co., 176 F. 492 (6 Cir. 1910), question of disputed liability arose between two defendants. On Page 498 the Court said:

"The general rule of law, or practice, rather is to allow interest in cases where the amount of damages is uncertain and is a matter of proof, from the date when they were liquidated— that is fixed by judicial ascertainment —which in this case would be the date of filing the commissioner's report. * * * But the rule is not a fixed one, and is subject to variation by the circumstances. Its application rests in the discretion of the jury, or of the court where it stands in the place of a jury, and the exercise of this discretion will not be reviewed unless it has been palpably abused."

The general rule of *The Manitoba,* supra, allowing interest from the date of collision was acknowledged in Kawasaki Zosensho of Kobe, Japan v. Cosulich, Societa Triestina Di Navigazione, 11 F. 2d 836, 838 (5 Cir. 1926). However in the latter case, a collision between two ships was not the sole determinant of damage, but what resulted from the collision were two subsequent strandings of the vessel which caused additional damage and loss of use to the ship. After the Court decided that both ships were equally liable in the collision, the Court had to decide if the subsequent strandings were the proximate result of the collision. In this instance the Court acknowledged that the general rule was subject to exceptions and would not be applied where it would be inequitable. See The Mary B. Curtis, 250 F. 9 (5th Cir. 1918). In the *Kawasaki* case the Court said:

"In short, the claim of each ship against the other has not been liquidated but has been seriously and in good faith insisted upon and opposed. We are of the opinion that interest should be calculated from the date of the final decree hereafter to be entered."

■ It is the opinion of this Court that full discretion in granting interest on an award in admiralty is vested in the trial judge. The law, as stated in most instances, discourages granting of interest prior to final decree where the questions arise concerning the amount of damage, the type of damage and in situations where liability is contested among several defendants. Where these problems exist and the dispute of this nature is put forward in good faith, the cases demonstrate that the trial judge in these special situations more often than not will deny interest prior to final decree.

■ However, in the instant case these problematic situations do not exist. The dispute arose between two parties, the damage to the vessels was clearly ascertained and the cost of repairs to the vessels was clearly determined, and the rehabilitation of the ship was completed with reasonable speed. In light of these facts, it is the opinion of this Court that where damages are accurately determined, the amount not in dispute, and disbursement made by one party prior to a final decree declaring both parties to be mutually at fault, interest will be ordered on the amount in which the party making the total disbursement was entitled in compensation from the opposing party after the final decree. Interest will run from the date of disbursement of funds for each expense, until the date of final settlement and payment of the sum in question.

In this situation, the libelant made full disbursement on December 4, 1962 with the exception of one small invoice which was paid a short time later, and final settlement between the parties was concluded on June 2, 1969.

It is the decree of this Court that the agreed sum of $130,832.41 paid to Reiss Steamship Company shall constitute a final discharge of the claims of the respective parties. Furthermore, interest shall be computed at the legal rate of 6% per annum upon that amount from the date the disbursement was made by Reiss Steamship Company until the date of final payment by the respondent to the libelant.

It is so ordered.