# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### THE TREMONT.

(Circuit Court of Appeals, Ninth Circuit.  February 24, 1908.)

#### No. 1,454.

1. COLLISION—STEAMSHIPS IN FOG—MUTUAL FAULTS.

A finding of the trial court that a collision between the steamships Tremont and Ramona off Marrowstone Point near Port Townsend was due to faults of both vessels affirmed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Collision, § 40.

Collision rules.  Speed of steamers in fog, see note to The Niagara, 28 C. C. A. 532.]

2. SAME—DAMAGES RECOVERABLE—LOSS OF EARNINGS.

In finding the damages recoverable by a vessel injured in a collision as she was starting on a voyage an allowance cannot be made for loss of earnings in carrying the mails on the voyage, which were withdrawn on account of the delay caused by her injuries, and sent by another vessel where there is no evidence from which it can be ascertained with reasonable certainty what profit she would have made from such carriage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Collision, § 282.]

3. SAME—EXPENSES DURING DELAY FOR REPAIRS—DEMURRAGE.

The expenses of a vessel during the time she was delayed in repairing injuries caused by a collision, such as wages of the crew, provisions, and the like are properly allowable as damages resulting from the collision, but insurance premiums and general office and agents' expenses during that time are not proper elements of such damages.  The fixing of the per diem demurrage during such time on the basis of the vessels average daily earnings during three consecutive voyages held not prejudicial to such vessel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Collision, § 283.]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

W. H. Bogle and Charles P. Spooner, for appellant.

Samuel H. Piles, James B. Howe, and Charles H. Farrell, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

161 F.—1

ROSS, Circuit Judge. This appeal grew out of a collision between the steamship Tremont and the steamer Ramona off Marrowstone Point, near Port Townsend, Wash., during a heavy fog. The trial court found both steamers in fault in certain specified particulars, and that the fault of each contributed to the collision; accordingly, it followed the established rule of dividing the damages. A careful consideration of the record satisfies us that there was abundant evidence to sustain the findings. No useful purpose would be served by reviewing it.

It is contended for the appellant that in fixing the damages sustained by the Tremont the court should have allowed as loss in the earnings of the voyage on which she was at the time bound what she would have earned by carrying the mails that were on board, and which mails, the record shows, were withdrawn by the government officials, and sent forward by other steamers because of the collision and consequent interruption of the Tremont's voyage. We would be disposed to sustain this contention of the appellant if there was any evidence from which the profits that would have been derived by the Tremont from carrying the mails so withdrawn could be arrived at with reasonable certainty; but there is no such evidence. The testimony of the witness Stewart, cited by the appellant to that point, is altogether too indefinite and uncertain.

The case shows that the Tremont was delayed 4 days in making temporary repairs, after which she completed the voyage in which she was engaged at the time of the collision, then made two other voyages, after which permanent repairs upon her were made, consuming with the 4 days, during which the temporary repairs were made, a total of 18 days. The record further shows that the voyage here in question occupied 3 days longer time than the immediately preceding similar voyage of the Tremont, during which her average net proceeds were $328.44 per day, but was made in 5 days' shorter time than the immediately succeeding similar voyage of the steamer, during which her average net profits were $221.47 per day, whereas during the intermediate voyage—that in question—her average net earnings per day were only $91.49. In fixing the demurrage for the 18 days during which the Tremont was laid up for repairs, the court below allowed the net average earnings per day for the three voyages; that is to say, $213 a day. Whether the facts were such as to justify a resort to an average of the net earnings of the three voyages has not been challenged by an appeal on the part of the Ramona. We think the Tremont has no just ground of complaint on that ground.

In addition to the daily demurrage of $213 allowed by the court below, the appellant was also allowed the expense of the ship during the 18 days, such as wages of the crew, provisions, and the like, but the court below correctly refused, in our opinion, any allowance for insurance premiums and general office and agents' expenses during that period.

The judgment is affirmed.