### TEXAS CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 10, 1927.)

No. 132.

United States ⬤⟿110—Interest on recovery against United States for damages for collision held recoverable under statute specially authorizing suit (Act Nov. 17, 1921 [42 Stat. 1569]).

Under Act Nov. 17, 1921 (42 Stat. 1569), specially authorizing owners of steamer Texas to bring suit in admiralty against the United States for loss from collision of that steamer with United States steamer Frederick der Grosse, and giving court jurisdiction to enter judgment for "legal damages * * * upon the same principle * * * as in like cases in admiralty between private parties," owner of steamship Texas was entitled to recover interest on award against United States.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the Texas Company, against the United States to recover damages due to collision between the steamship Texas and the United States steamship Frederick der Grosse. Decree for libelant, allowing damages, including interest (11 F.[2d] 981) and the United States of America appeals. Affirmed.

Emory R. Buckner, U. S. Atty., of New York City (Horace M. Gray, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

T. K. Schmuck, of New York City, for appellee Texas Co.

Lord, Day & Lord, of New York City (Allen B. A. Bradley and George De Forest Lord, both of New York City, of counsel), for Commonwealth & Dominion Line, Limited, and as amici curiæ.

Before HOUGH, MANTON, and MACK, Circuit Judges.

MANTON, Circuit Judge. This suit is brought under a special act of Congress approved November 17, 1921 (42 Stat. 1569),

and is an action arising out of a collision between the steamship Texas and the United States steamship Frederick der Grosse on September 3, 1917.

The sole question presented on this appeal is raised by the United States on its claim that the court below committed error in allowing interest on the recovery. The act is similar in phrase to that referred to in New York & Cuba Mail Steamship Co. v. United States (C. C. A.) 16 F.(2d) 945, decided this day. The construction of the statute we applied in that case is applicable here. It results in our holding that the court did not err in allowing interest on the legal damages. The amount has been stipulated.

The decree is affirmed, with costs.