## UNITED STATES *v.* COMMONWEALTH AND DOMINION LINE, LTD.

No. 21. Argued January 7, 1929.—Decided January 21, 1929.

*Assistant Attorney General Farnum,* with whom *Solicitor General Mitchell,* and *Messrs. J. Frank Staley* and *John T. Fowler, Jr.,* were on the brief, for the United States.

*Mr. Allan B. A. Bradley,* with whom *Mr. George deF. Lord* was on the brief, for respondent.

Mr. JUSTICE HOLMES delivered the opinion of the Court.

This is a libel in admiralty against the United States as owner of the steam collier Proteus to recover damages caused by a collision with the libellant's vessel Port Phillip. The District Court and the Circuit Court of

Appeals agreed in finding that the Proteus alone was in fault, but the Circuit Court of Appeals modified the decree against the United States by allowing interest on the damages found. 20 F. (2d) 729. A writ of certiorari was granted by this Court to review the decision as to interest, consideration of the question to await the decision of this Court in the case of *Boston Sand and Gravel Co.* v. *United States*, which now has been decided, *ante*, p. 41, and in which interest was denied.

Jurisdiction in *Boston Sand and Gravel Co.* v. *United States* was granted by a special act authorizing judgment " for the amount of the legal damages sustained by reason of said collision, . . . upon the same principle and measure of liability with costs as in like cases in admiralty between private parties, with the same rights of appeal." It was held in view of the history of legislation that the words were to be taken strictly and that no interest could be allowed against the United States. The present suit is based upon the special Act of March 4, 1923, c. 321; 42 Stat. 1796, where the language is substantially the same, except that it is further qualified; jurisdiction of the suit is granted " to the extent only of such damages suffered other than claims for the demurrage to [the Port Phillip] and to enter a judgment or decree for the amount of such damages and costs, if any, as shall be found to be due against the United States in favor of the owner of the British steamer Port Phillip or against such owner in favor of the United States, upon the same principles and measures of liability as in like cases in admiralty between private parties and with the same rights of appeal." The only ground of distinction favorable to the Port Phillip is that in this case the United States filed a cross libel. It is urged that in view of that fact the principle of *United States* v. *The Thekla,* 266 U. S. 328, applies.

But the difference between the two cases is plain. In *The Thekla* the United States came into Court of its own

motion as a libellant, and it was held that when the sovereign thus voluntarily brought itself within. the jurisdiction in a collision .case it should be assumed to agree that justice should be done with regard to the subject matter, and therefore that it might be held liable in damages if its vessel was in fault.   The main question in the case was whether the United States could be held at all. When that point was decided interest was allowed as generally it would be allowed against a private party, there being nothing to qualify the submission found to be implied.   But in the present case the United States is brought into Court to defend its property under a statute that marks the limits of the liability assumed.   The cross libel is really an incident of the suit, contemplated by the very words of the special act which provide for a decree in favor of either party, and it would be absurd to say that if the United States resorted to the usual instruments of defence the statute authorized what otherwise it did not allow.

*Decree reversed.*