109 F.2d 699 (1940)
THE WRIGHT.
THE PAPOOSE.
UNITED STATES
v.
PETROLEUM NAV. CO.
No. 188.
Circuit Court of Appeals, Second Circuit.
February 13, 1940.
Earle Farwell, of New York City (Barry, Wainwright, Thacher & Symmers and John C. Crawley, all of New York City, on the brief), for appellant.
*700 Charles J. Carroll, Sp. Asst. to U. S. Atty., of Brooklyn, N. Y. (Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., on the brief), for the United States.
Before L. HAND, CHASE, and CLARK, Circuit Judges.
CLARK, Circuit Judge.
Pursuant to the direction of this court in The Papoose, 2 Cir., 85 F.2d 54, reversing D.C.E.D.N.Y., 12 F.Supp. 743, certiorari denied 299 U.S. 603, 57 S.Ct. 230, 81 L.Ed. 445, the District Court entered its final decree in this consolidated cause dividing the damages resulting from a collision on May 2, 1931, of the U.S.S. "Wright" and the S.S. "Papoose" owned by Petroleum Navigation Company. The Navigation Company now appeals because the decree awarded the United States interest on the latter's damage prior to the date of the entry, but denied like interest to appellant.
Since the respective damages to the vessels, as fixed by stipulation, showed that the "Papoose" sustained a greater damage than the "Wright" by about $6,600, appellant would have been entitled to a recovery of $3,300 if interest and costs had been excluded from the calculation. But the District Court, by awarding interest of $9,339.66 to the United States, made the latter's claim greater than that of appellant. Since appellant recovered more costs, it finally found itself with a favorable decree, but only for $371.64. It complains of this inequitable result, urges that justice should be equal to all, and claims that interest should be either granted or denied to both parties alike. Normally, equality is the ideal of Anglo-Saxon law, but, as the District Court held, it does not apply to the sovereign who may claim as of right while granting only by favor. United States v. Verdier, 164 U.S. 213, 218, 17 S.Ct. 42, 41 L.Ed. 407; United States v. North American Transportation & Trading Co., 253 U.S. 330, 336, 40 S.Ct. 518, 64 L.Ed. 935. But such a rule may properly be confined to cases of "plain compulsion of law." American Propeller & Mfg. Co. v. United States, 300 U.S. 475, 478, 57 S.Ct. 521, 523, 81 L.Ed. 756. With the District Court we see no escape from the rule so far as concerns interest against the United States prior to final decree; but we do not agree that at the same time interest must be awarded to the United States. If, as Mr. Justice Holmes said in United States v. The Thekla, 266 U.S. 328, 340, 45 S.Ct. 112, 113, 69 L.Ed. 313, "the subject matter" of the cross-libels "is the collision, rather than the vessel first libelled," and the government's libel "is like a bill for an account, which imports an offer to pay the balance if it should turn out against the party bringing the bill," then that balance should not be made a loss to the claimant merely upon the passage of time and by the device of a unilateral grant of interest.
Without statutory authority no libel can be instituted against the United States or its vessel for damages caused by the negligent operation of the vessel. The Western Maid, 257 U.S. 419, 42 S.Ct. 159, 66 L.Ed. 299.[1] But when the United States libeled a private vessel, this was held to constitute permission for a cross-libel by the vessel owner and to justify the award of interest in favor of such owner if the latter's claim was sustained. United States v. The Thekla, supra.
Moreover, many special acts were passed, authorizing the filing of libels against the United States for particular collisions. Some of these contained express provisions as to interest (compare 278 U.S. 41, at page 44, 49 S.Ct. 52, 73 L.Ed. 170), but most referred only generally to the award of "damages." This court construed such statutes to include interest as a part of the damages. Texas Co. v. United States, 2 Cir., 16 F.2d 948, certiorari denied 274 U.S. 752, 47 S.Ct. 765, 71 L.Ed. 1332; New York & Cuba Mail S. S. Co. v. United States, 2 Cir., 16 F.2d 945, certiorari denied 274 U.S. 753, 47 S.Ct. 765, 71 L.Ed. 1333. But the Supreme Court took the case of Boston Sand & Gravel Co. v. United States, 1 Cir., 19 F.2d 744, because of conflict with the cases just cited and, in an opinion by Mr. Justice Holmes (four justices dissenting), concluded that such an act did not authorize interest against the *701 United States. 278 U.S. 41, 49 S.Ct. 52, 73 L.Ed. 170. The Court held this to be true even though the government could claim interest in its favor, since it, unlike the private claimant, did not need the aid of a statute to justify such an award. Cf. Robinson on Admiralty 268; 27 Mich. L.Rev. 815; 3 So.Calif.L.Rev. 66. In that case, however, there was no award against the United States, even though the damages were divided (1 Cir., 7 F.2d 278; cf. D.C. Mass., 16 F.2d 643), for the claimant had filed no cross-libel. Thereafter the Court held in United States v. Commonwealth & Dominion Line, Ltd., 278 U.S. 427, 49 S.Ct. 183, 73 L.Ed. 439, reversing 2 Cir., 20 F.2d 729, that the result would be the same even though the United States had filed a cross-libel; and distinguished The Thekla, supra, on the same ground, that there no statute had been needed to justify the cross-libel of the private claimant.
By the Shipping Act of 1916, 46 U.S.C.A §§ 801-842, vessels acquired by the government under its terms were subject to the liability of privately owned ships while operated as merchant vessels. But it was held that a government vessel could be libeled in rem, The Lake Monroe, 250 U.S. 246, 39 S.Ct. 460, 63 L.Ed. 962, and so in 1920, Congress passed the Suits in Admiralty Act, 46 U.S.C.A. §§ 741-752, providing for libels, in personam only, against the United States for damages caused by government merchant vessels. Robinson on Admiralty 269-278; 39 Yale L.J. 1189; Lord, Admiralty Claims Against the Government, 19 Col.L.Rev. 467. This statute permitted the court to award interest against the United States, but only at the rate of 4 per cent per annum unless a higher amount was stipulated by contract. 46 U.S.C.A. § 743. Relying on this statute this court in The Comus, 2 Cir., 19 F.2d 774, 777, held that in a collision case where damages were to be divided, interest at the rate of 6 per cent should be allowed to the United States, and at the rate of 4 per cent only against it. By amendment of 1932, 46 U.S.C.A. § 743a, it is now provided that no interest shall be allowed on any claim prior to the time when suit is brought.
Governmental responsibility for public vessels did not come until the Public Vessels Act of 1925, 46 U.S.C.A. §§ 781-790, which allowed a libel, in personam only, against the United States for damages caused by such vessels. Section 2 of that Act, 46 U.S.C.A. § 782, in providing for the venue of the suit in the appropriate district court of the United States, stipulated that "no interest shall be allowed on any claim up to the time of the rendition of judgment unless upon a contract expressly stipulating for the payment of interest." Section 3, 46 U.S.C.A. § 783, authorized the filing of a cross-libel or the setting up of a counterclaim in cases where the United States had filed a libel for its damages. Appellant claims that Section 2, denying interest, does not apply to a cross-libel, for, under The Thekla, supra, no statute was necessary for such a libel and for the award of interest against the United States in it. So appellant claims interest here because the United States instituted the original libel. Compare Robinson on Admiralty 269. But the District Court rejected this view, holding that there was no difference in the right to interest of a libellant and a cross-libellant. And for its conclusion that nevertheless the United States should receive interest, the court relied on Boston Sand & Gravel Co. v. United States, supra.
Whatever may have been the previous rule under The Thekla, supra, we think with the court below that the Public Vessels Act applied to all claims against the United States for damages caused by public vessels, whether by libel or by cross-libel. Authority for cross-libels against the government is now to be found in the Act, and Section 2 limits the award of interest on any claim for public vessel damage. This important right cannot depend upon which of the two parties involved  government or private claimant  is able first to rush into the admiralty court. The "Wright" was a public vessel.
But so far as concerns the award of interest in favor of the United States, the authorities do not compel the result reached below. The general language of Boston Sand & Gravel Co. v. United States, supra, states only the admitted principle that the United States may still claim interest on its awards, though the converse is prevented by the Public Vessels Act. It did not deal with our present case of awards to both parties, with a resulting balance against the government. Other precedents, however, support the power of the admiralty court to withhold interest under circumstances analogous to those presented here.
*702 It is stated repeatedly that the award of interest in admiralty is a matter of the court's discretion. See, for example. The Umbria, 166 U.S. 404, 421, 17 S.Ct. 610, 41 L.Ed. 1053; The President Madison, 9 Cir., 91 F.2d 835, 846, 847; cases collected in 96 A.L.R. 18, 20-30, 32-35. But the cases show that this is a legal discretion, and the award is to be made whenever damages lawfully due are withheld, unless there are exceptional circumstances to justify the refusal. Long delay in pressing the libel is recognized as such exceptional circumstance; and this court has often denied or limited the award of interest where there has been such delay. Cf. The Russell No. 3, 2 Cir., 82 F.2d 260; Bushey v. Huron Stevedoring Co., 2 Cir., 56 F.2d 604; The Salutation, 2 Cir., 37 F.2d 337; 96 A.L.R. 33-35. There was long delay in this case  nearly two and one-half years between the pleadings and the original trial, and again an even longer period from the decision of this court until the filing of the stipulation fixing the damages upon which the final decree was entered. But there may well be doubt where the blame for this lies, and in any event we prefer to base our conclusion on broader grounds.
Several cases deny the award of interest prior to decree to either party where damages are divided as a result of joint fault. This is based on the uncertainty as to the party which will have the ultimate liability to make payment on determination of the balance due. Kawasaki Zosensho v. Cosulich Societa Triestina di Navigazione, 5 Cir., 11 F.2d 836, 838, certiorari denied 265 U.S. 581, 44 S.Ct. 456, 68 L.Ed. 1190; The Itasca, D.C.S.D.Ga., 117 F. 885, 892; The Tremont, D.C.W.D.Wash., 160 F. 1016, 1021, affirmed 9 Cir., 161 F. 1. District Judge Adams said in an early case, however, that such was not the rule of the Second Circuit, and that interest must be allowed at least from the date of making disbursements. Adams, D.J., in The Mahanoy, D.C.S.D.N.Y., 127 F. 773, citing The Baltic, D.C.S.D.N.Y., Fed.Cas.No. 824, 3 Ben. 195; Cf. 20 Va.L.Rev. 369. In The Manhattan, 3 Cir., 85 F.2d 427, certiorari denied 300 U.S. 654, 57 S.Ct. 432, 81 L.Ed. 864, the award of interest to the United States only from the time of making disbursements was approved over the government's protest, on the ground that interest was discretionary and was but an element of the damages designed only to make the injured party whole. We think the precedents in the cases of awards for joint fault justify their treatment as exceptional circumstances.
If, as seems reasonable, interest should be withheld in collision cases between private vessels until it can be found which party is withholding a balance due, then all the more should interest be denied the United States where it was the party liable for a balance and where there was never a withholding by the appellant herein. The suggestion of Mr. Justice Holmes in The Thekla, supra, that the situation is analogous to stating an account for the collision, with an order for the payment of the balance due, seems sound. Here that payment was due from the United States. The Public Vessels Act forbids the award of any interest against the United States until final decree, even though it may have owed that balance. Consequently, until that decree no interest is payable.
The decree is reversed, with directions to deny all interest to the parties prior to the final decree.
NOTES
[1] The doctrine that not even a libel in rem could be filed against a government vessel was the subject of vigorous criticism. See, e. g., Hough, Admiralty Jurisdiction  of Late Years, 37 Harv.L. Rev. 529, 541-544; Borchard, Can an Injury by a Government Vessel Create a Maritime Lien? 31 Yale L.J. 879; 22 Col.L.Rev. 589; 8 Va.L.Rev. 606; and other authorities cited in Robinson on Admiralty 246, 273. A note in 38 Harv. L.Rev. 678 to The Thekla, supra, finds the two cases "irreconcilable."