**CANADIAN AVIATOR, Limited, v. UNITED STATES et al.**

No. 106, Docket 21821.

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1950.

Decided Feb. 7, 1951.

Rehearing Denied Feb. 26, 1951.

Burlingham, Veeder, Clark & Hupper, New York City, Proctors for libellant, Canadian Aviator, Ltd.; Eugene Underwood and Robert A. Feltner, New York City, advocates.

H. G. Morison, Asst. Atty. Gen., and Irving H. Saypol, U. S. Atty., New York City, proctors for the United States; Leavenworth Colby, Edward L. Smith, and Morton Hollander, of the Department of Justice, Washington, D. C., advocates.

Bigham, Englar Jones & Houston, New York City, Charles A. Van Hagen, Jr., New York City, of counsel, for intervenors-appellees H. Jason Jones and others.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

These are cross-appeals by libellant Canadian Aviator, Ltd., and cross-libellant The United States of America, from a final decree entered January 16, 1950, awarding damages and interest on claims arising out of a collision between the S. S. Cavelier, owned by Canadian Aviator, Ltd., and the S. S. Joseph Stanton, owned by the United States. Each party alleged the negligent navigation of the other. The District Court upon the trial of the issues of negligence made an interlocutory decree holding both vessels at fault, which was affirmed on a prior appeal, 2 Cir., 154 F.2d 825. The amount of damages, other than interest, is

not now disputed. The question before us is whether either libellant or respondent should be allowed interest for the period prior to the entry of the final decree striking a balance in favor of the party that sustained the greater damages. This question we answered in the negative in a full opinion by Judge Clark in The Wright, 2d Cir., 109 F.2d 699. The libellant here contends that that decision should not be regarded as controlling because of the particular circumstances there present. The particular circumstances said to differentiate that decision are that the Public Vessels Act, 46 U.S.C.A. § 782, governing that case, did not allow interest against the United States until final decree. The libellant here would distinguish The Wright on the ground that it simply held that it was unfair to allow interest prior to final decree in favor of the government when the other party could not recover interest during the same period. The decision in The Wright, however, proceeded upon no such ground. It decided that as interest is withheld in collisions between private vessels until it can be found which party is withholding a balance, it should all the more be denied the United States in cases where the latter is the party liable for the balance and where there has never been any withholding by the other party. Accordingly, in the present "both to blame" situation, interest may not be allowed prior to final decree and the decree below should be modified so as to eliminate all interest to either party prior to its date. The interest on libellant's favorable balance against the United States should run at four per cent per annum.

[2] Inasmuch as the fault of the carrying vessel cannot be imputed to her cargo the owners and bailees of the cargo were properly awarded full recovery of interest against the United States for the period prior to the entry of final decree at the rate of four per cent, and the United States may recover half of this from the carrying vessel under the rule of The Chattahoochee, 173 U.S. 540, 19 S.Ct. 491, 43 L.Ed. 801.

The decree as modified by the disallowance of interest in favor of either vessel prior to January 16, 1950 is affirmed.