**COYLE LINES, Inc. v. UNITED STATES.**

**UNITED STATES v. COYLE LINES, Inc.**

**No. 13777.**

United States Court of Appeals
Fifth Circuit.

Sept. 12, 1952.

---

3. See also Loss at p. 1062.

4. Emphasis added.

See also 198 F.2d 195.

Selim B. Lemle, New Orleans, La., for appellant.

Joseph V. Ferguson, II, Dist. Counsel, U. S. Maritime Administration, Lansing L. Mitchell, Asst. U. S. Atty., New Orleans, La., for appellee.

Before SIBLEY, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Appellant moves that the opinion and judgment be further amended to provide that interest on the damages should run from the date of the filing of the libel, May 16, 1947, rather than from April 25, 1951, the date on which the libellant was originally entitled to judgment.

In explanation of the lapse of time between the filing of the libel and the trial of the case, appellant calls attention that both district judges had been United States Attorneys during the pendency of the matter and were technically disqualified from hearing the case, but that it was finally stipulated that the case might be heard by one of these judges.

At the time of the collision, the Douglas Victory was in merchant service, and hence the question of interest against the United States is governed by the applicable sections of the Suits in Admiralty Act, 46 U.S.C.A. §§ 743, 745, permitting the court in its discretion to allow interest from a date not earlier than the time when suit on the claim was brought rather than by the section of the Public Vessels Act, 46 U.S.C.A. § 782, prohibiting the allowance of interest prior to the time of the rendition of judgment.[1]

As noted in our original opinion, libellant's barge, DB 1845, was itself guilty of statutory fault. The district court found that the failure of the DB 1845 to carry a light was a contributing cause of the collision; we have differed and have found that the sole fault for the collision rests on the Douglas Victory.

Libellant's statutory fault afforded substantial basis for the claim of mutual fault. It was not overly diligent in bringing the case to trial. Under all of the circumstances, we think it a just exercise of the court's discretion[2] to fix the date for the running of interest as April 25, 1951, the day on which the libellant was originally entitled to judgment, and the motion of the appellant for further amendment of the opinion and judgment is

Denied.

1. The Wright, 2 Cir., 109 F.2d 699; United States v. Eastern S. S. Lines, Inc., 1 Cir., 171 F.2d 589; Canadian Aviator, Ltd. v. United States, 2 Cir., 187 F.2d 100.

2. The Wright, supra, 109 F.2d at page 702; see also annotations in 96 A.L.R. 20 and 111 A.L.R. 1300; James Shewan & Sons, Inc., v. United States, 267 U.S. 86, 45 S.Ct. 238, 69 L.Ed. 527; United States Shipping Board v. Florida Grain & Elevator Co., 5 Cir., 20 F.2d 583; Kawasaki Zosensho v. Cosulich Societa Triestina Di Navigazione (Baltimore Maru), 5 Cir., 11 F.2d 836, 838.