AFRAN TRANSPORT CO., as owner of The S.S. Burgan, etc., Libelant-Appellant,

v.

THE Motor Tanker BERGECHIEF, A/S Sneffon, Claimant-Appellee.

A/S SNEFFON, as owner of The Motor Tanker Bergechief, Cross-Libelant-Appellee,

v.

THE S.S. BURGAN and Afran Transport Co., Cross-Claimant-Respondent-Appellant.

Nos. 86, 87, Dockets 26373, 26374.

United States Court of Appeals Second Circuit.

Argued Dec. 6, 1960.

Decided Dec. 28, 1960.

Stanley R. Wright, of Burlingham, Hupper & Kennedy, New York City (H. Barton Williams and John S. Rogers, of Burlingham, Hupper & Kennedy, New York City, on the brief), for Afran Transport Co., appellant.

MacDonald Deming, of Haight, Gardner, Poor & Havens, New York City (Richard G. Ashworth and Terence J. Creighton, of Haight, Gardner, Poor & Havens, New York City, on the brief), for A/S Sneffon, appellee.

Before CLARK, WATERMAN, and FRIENDLY, Circuit Judges.

PER CURIAM.

Libelant and claimant's vessels were involved in a collision which has been adjudicated as one of mutual fault requiring the division of damages, although the fault of the libelant's vessel was gross and that of claimant's vessel less clear. Afran Transport Co. v. The Bergechief, D.C.S.D.N.Y., 170 F.Supp. 893, affirmed 2 Cir., 274 F.2d 469. Libelant's vessel sustained the greater damage, so that on the stipulated amounts a balance was due libelant of $69,203. It therefore sought interest to run prior to the final decree,[1] but Judge Dimock declined to award any interest prior to its entry, holding as authorities therefor The Wright, 2 Cir., 109 F.2d 699, and Canadian Aviator, Ltd. v. United States, 2 Cir., 187 F.2d 100, certiorari denied 342 U.S. 813, 72 S.Ct. 27, 96 L.Ed. 615, with a reference also

---

1. Apparently libelant seeks interest only from the time it paid its repair bills, not from the date of the collision.

to Moore-McCormack Lines, Inc. v. The Esso Camden, 2 Cir., 244 F.2d 198, 202, certiorari denied 355 U.S. 822, 78 S.Ct. 29, 2 L.Ed.2d 37.

 Possibly Judge Dimock in his brief memorandum may have stated the rule too rigidly; in The Wright, supra, 2 Cir., 109 F.2d 699, we cited the usual rule that interest in admiralty was a matter of the court's discretion and stressed that it must be a legal discretion, rather than one merely at will. So normally the award of interest may await the court's judgment which fixes the amount due. But we would not exclude all discretion in the mutual fault collision case; thus if one vessel is grossly at fault the award of interest to the other may ameliorate somewhat the harsh American rule that division of damages must be equal without reference to the degree of fault. Here under the circumstances shown in our opinion in Afran Transport Co. v. The Bergechief, supra, 2 Cir., 274 F.2d 469, we think denial of pre-decree interest was right.

Affirmed.