The **UNITED STATES** of America, Libellant,

v.

**EASTPORT STEAMSHIP CORPORATION and Seaboard Surety Company, Respondents.**

United States District Court
S. D. New York.
April 26, 1964.

Robert M. Morgenthau, U. S. Atty., for libellant; Louis E. Greco, Atty. in Charge Admiralty & Shipping Section Dept. of Justice, Leavenworth Colby, Louis E. Greco, Daniel E. Leach, Lawrence F. Ledebur, Attys., Admiralty & Shipping Section, Dept. of Justice, of counsel.

Zock, Petrie, Sheneman & Reid, New York City, Kominers & Fort, Washington, D. C., for respondents; Francis J. O'Brien, New York City, J. Franklin Fort, T. S. L. Perlman, Washington, D. C., of counsel.

LEVET, District Judge.

The only question remaining is that of interest. The chronology of facts bearing on this issue is simple. On February 10, 1955, the Maritime Administration advised Eastport of its revised audit and demanded the sum of $17,777.68 as additional charter hire. On February 24, 1955, Eastport denied liability for this amount, contending the demand was without statutory authority. Over seven years later, June 26, 1962, the present libel was filed seeking $17,777.68 as additional charter hire under the charter.

The allowance of interest is a matter within the discretion of the admiralty court. O'Donnell Transp. Co. v. City of New York, 215 F.2d 92 (2 Cir. 1954). It is the allowance of interest which is the general rule and disallowance is supported only by exceptional circumstances. The Wright, 109 F.2d 699, 702 (2 Cir. 1940).

Here there is an unexplained seven years lapse of time between the accrual of the claim and the commencement of this suit for which the libellant seems responsible. When, on February 14, 1957, Eastport filed a libel in this court seeking from the United States an amount alleged to be overpaid under this charter (Eastport S.S. Corp v. United States, Ad. 190–275), the libellant here chose not to assert its claim either by counterclaim or cross-libel. It chose rather to wait an additional five years and bring the present libel. Nor was the government unaware of its rights since it long before brought suit against the respondent on an identical charter. United States v. Eastport S.S. Corp., 255 F.2d 795 (2 Cir. 1958). "Although laches does not bar the Government's suit, nevertheless the long delay can be taken into consideration in determining whether interest should be allowed and in what amount." United States v. Garcia & Diaz, Inc., 291 F.2d 242, 246 (2 Cir. 1961). The existence of the numerous other suits involving the same basic issue would not seem to excuse the seven year delay. Under all the circumstances, the libellant is not entitled to any pre-judgment interest.

The rate of interest from the entry of the judgment is also within the discretion of the court. While 28 U.S.C. § 1961 is not binding in the admiralty, Gardner v. The Calvert, 253 F.2d 395, 403 (3 Cir.), cert. denied sub nom. Sound S. S. Lines v. Gardner, 356 U.S. 960, 78 S.Ct. 997, 2 L.Ed.2d 1067 (1958), I see no reason in this case why the rate should not be the normal rate of 6% per annum.

The judgment is signed embodying the above determinations.