441 F.2d 1100
 AMERICAN ZINC CO., Wilbur Ellis Co., Inc., et al.,
Plaintiffs-Appellees-Cross Appellants,
v.
Jacob A. FOSTER et al., Defendants-Appellees, v. The INGALLS
SHIPBUILDINGDIVISION OF LITTON SYSTEMS, INC., Third-Party
Plaintiff-Appellant-CrossAppellee, v. VERA CRUZ CIA.
NAVIERA, S.A., etc., et al., Third-PartyDefendants-Appellees.
 No. 29890.
 United States Court of Appeals, Fifth Circuit.
 May 10, 1971.
 
 Frank C. Allen, Jr., Robert B. Acomb, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., Merle F. Palmer, William J. Palmer, Pascagoula, Miss., for appellants; Palmer & Palmer Pascagoula, Miss., of counsel.
 John D. Gautier, Lester C. Franklin, Jr., Pacagoula, Miss., Francis V. Elias, New York City, for American Zinc Co.
 Albert S. Johnston, III, Pascagoula, Miss., Richard G. Ashworth, Haight, Gardner, Poor & Havens, New York City, for Vera Cruz Cia. Naviera, S.A.; Richard H. Wagner, New York City, of counsel.
 Clinton E. Lockard, Wiesenburg & Lockard, Pascagoula, Miss., for Jacob A. Foster.
 Before RIVES, THORNBERRY and COLEMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The long and short of this appeal is that Ingalls, the third-party plaintiff appellant cross-appellee, is dissatisfied with the findings of fact made by the court below, 313 F.Supp. 671, in this maritime collision suit in which Ingalls was held liable for the loss of cargo. Notwithstanding Ingalls' fifteen points of error, all of which attack in one form or another the fact findings and credibility decisions of the court below, we have reached the conclusion that the trial court was not clearly erroneous in any of its findings of fact in this case. Our own review of the briefs and voluminous record in this appeal establishes that the trial court gave lengthy and careful consideration to all the evidence in this case, and that there is ample evidence to support each and every one of its findings. We therefore affirm the judgment appealed from by Ingalls in all respects.
 
 
 2
 There is a cross-appeal by the plaintiff Cargo Interests in this suit, in which it is contended that the trial court erred in disallowing prejudgment interest from the date of the casualty. The district judge gave no reason for his decision to disallow prejudgment interest, and we can see no reason for his decision. The general rule in admiralty is that those injured by tortious collision are entitled to interest from the date of collision. Managua Nav. Co. v. Aktieselskabet Borgestad, 5th Cir. 1925, 7 F.2d 990, 993. Further, discretion to deny interest must be based upon the existence of peculiar circumstances. Sinclair Refining Co. v. The S/S Green Island, 5th Cir. 1970, 426 F.2d 260. In this case, none of the peculiar circumstances usually considered to justify disallowance of prejudgment interest in admiralty collision suits is present. Neither party has been guilty of any delay in bringing this suit to trial. Ingalls has never seriously disputed that it was guilty of negligence in failing to keep its buoy lighted and in place; rather Ingalls sought mainly in the court below and on this appeal to establish that other parties were either more at fault than it, or at least mutually at fault with it. And finally, the claims of the Cargo Interests are readily ascertainable. Sinclair Ref. Co., supra, at 262. Thus we see no reason that would justify making an exception to the general rule that interest from the date of collision should be allowed. Managua Nav. Co., supra, at 993. Accordingly, the final judgment of the court below is modified to include interest from the date of collision.
 
 
 3
 Judgment modified as to interest; affirmed in other respects.