**MOBIL OIL CORPORATION et al., Plaintiffs, Tenneco Oil Company, Claimant-Appellant,**

v.

**TUG PENSACOLA, her engines, tackle equipment, etc., in rem, et al., Defendants-Appellees.**

**No. 72–3126**
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1973.

Timothy McKenna, Houston, Tex., for claimant-appellant.

Barton Williams, Ralph E. Smith, New Orleans, La., Bryan J. McGinnis, Beaumont, Tex., for Mobil Oil Corp., George B. Matthews, Charles E. Lugenbuhl, Charles Kohlmeyer, New Orleans, La., for Valley & Coyle.

Alfred M. Farrell, Jr., New Orleans, La., for Atlantic Richfield.

J. Y. Gilmore, Jr., Gothard J. Reck, New Orleans, La., for Underwriters.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

This appeal concerns the failure of the District Judge to award prejudgment

---

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

interest to claimant on its tort recovery in admiralty and to allow claimant its costs. Tenneco Oil Company sued for damages to its dock facilities which occurred on April 15, 1968, and were later destroyed in an unrelated accident, thus necessitating complete rebuilding of the docks. Based on a stipulation by the parties, the District Judge allocated liability among the defendants on a percentage basis and referred the case to a Special Master for a determination of the "amount of damages and the entitlement of the parties to interest." After the Special Master held a hearing, the parties stipulated the damages, so he had only to consider the question of when interest began to run. He recommended interest be allowed from the date of judgment instead of from the date of collision, because "Tenneco Oil Company did not make any repairs or expend any funds from the first collision involved herein." The District Judge accepted this recommendation concerning interest and also refused to allow claimant its costs.

 In American Zinc Co. v. Foster, 5 Cir., 1971, 441 F.2d 1100, a case similar to the present case, this Court explained that the general rule in admiralty is to award interest from the date of collision except where peculiar circumstances warrant awards only from the date of judgment. *See generally* Esso Intern'l, Inc. v. SS Captain John, 5 Cir., 1971, 443 F.2d 1144, 1151; Sinclair Refining Co. v. SS Green Island, 5 Cir., 1970, 426 F.2d 260; Kawasaki Zosensho of Kobe, Japan v. Cosulich Societa Triestina Di Navigazione of Trieste, Italy, 5 Cir., 1926, 11 F.2d 836, 838; Managua Nav. Co. v. Aktiesel Skabet Borgestad, 5 Cir., 1925, 7 F.2d 990. As in the *Zinc* case, we find no such peculiar circumstance here. The fact that claimant did not undertake immediate repair after the first collision does not warrant the denial of prejudgment interest.

 With our decision on prejudgment interest in its favor claimant has now prevailed on all issues. Costs are usually awarded to the prevailing party. 6 Moore's Federal Practice ¶ 54.70 [3]. This rule should apply here where the real contest was between defendants rather than between plaintiffs and defendants. We hold that costs should be allowed to the claimant.

Reversed.