**IBERIAN TANKERS COMPANY,**
Plaintiff,

v.

**GATES CONSTRUCTION CORP.,**
Defendant.

No. 68 Civ. 4495.

United States District Court,
S. D. New York,
Civil Division.

Jan. 22, 1974.

Bigham, Englar, Jones & Houston, New York City, for plaintiff; Donald M. Waesche, Jr., New York City, of counsel.

Hill, Rivkins, McGowan & Carey, New York City, for defendant; J. Edwin Carey, Raymond P. Hayden, New York City, of counsel.

## OPINION

WHITMAN KNAPP, District Judge.

This case was tried in admiralty to the court and resulted, on June 27, 1973, in a finding that plaintiff's claim against defendant for injury to its vessel be reduced 50% by reason of plaintiff's substantial negligence. The parties then stipulated that plaintiff's damages should be fixed at $280,000.00 (one-half the total suffered by its ship). Defendant has paid this sum with interest from the date of the court's finding of liability. The sole question remaining is whether plaintiff is entitled to prejudgment interest to run (a) on the portion of the agreed sum attributable to the repair of its vessel, from the dates payments for repairs were made, and (b) on the remainder of the sum, from the dates losses of profits were incurred.

The court concludes that plaintiff is entitled to such prejudgment interest. However, as the question does not seem free of doubt, the Court will set forth its reasoning in some detail so that adequate appellate relief can be assured.

Prejudgment interest in admiralty is said to rest in the court's discretion, but that this is a "legal" discretion to be exercised according to certain rules. The Wright (2nd Cir. 1940) 109 F.2d 699, 702. This qualification is important, because having found that plaintiff's negligence was more clearly established than defendant's, we should—if our discretion were controlled only by our innate sense of the fitness of things—be inclined to deny plaintiff's claim for interest in order to "ameliorate somewhat the harsh American rule that division of damages must be equal without reference to the degree of fault." See Afran Transport Co. v. The Bergechief (2nd Cir. 1960) 285 F.2d 119. However, we do not so construe our powers.

As we understand the teaching of *The Wright*, prejudgment interest should be awarded in admiralty cases absent a showing of "exceptional circumstances to justify the refusal" (109 F.2d at 702). As far as we can determine, only two categories of situations have been recognized as "exceptional" for this purpose: (a) where a plaintiff has inordinately delayed the prosecution of its claim; and (b) in mutual fault collision cases where it was uncertain until judgment which party would be called upon to make a payment.

Neither situation is here present. There is no claim—nor could there reasonably be—that plaintiff was in any way responsible for the delay in bringing this 1968 action to trial. As to the second category, while this was a "mutual fault" case, it did not involve a "collision" which—in our view—is the aspect of the situation that triggers the right to deny prejudgment interest. It is only in the case of a collision where both parties suffer damage and where, accordingly, there can be uncertainty as to which party will be called upon to pay. Here defendant suffered no damage and there was, accordingly, no possibility that plaintiff would be called upon to pay anything. The only uncertainty was whether and how much plaintiff could recover from defendant. Such uncertainty exists in every litigation, and cannot be classified as a special circumstance. See Carriers of Liberia, Inc. v.

Navigen Co. (S.D.N.Y.1969) 305 F. Supp. 895, aff'd, 435 F.2d 549 (2nd Cir. 1970).

In the case cited, Judge Metzner, adopting language from an opinion of the Delaware District Court, observed (at 897):

" 'Where only one libel is filed the only uncertainties are those accompanying every admiralty action and every action sounding in tort, viz., the uncertainty of proving liability and the amount of damages. In such cases there is no uncertainty as to the party who should pay all or a portion of the damages if liability can be proven. If interest could not be allowed until the damages are liquidated and the responsibility fixed, it is difficult to see in what admiralty cases of collision interest could ever be discretionary or allowed from a date preceding the decree fixing liability, and the general rule regarding interest in admiralty proceedings would have no force.' "

See also: The President Madison (9th Cir. 1937) 91 F.2d 835 and cases cited at 846–847; Mid-America Transportation Co., Inc. v. Rose Barge Line, Inc. (8th Cir. 1973) 477 F.2d 914; Elgin, Joliet & Eastern Railway Co. v. American Commercial Line, Inc. (N.D.Ill. 1970) 317 F.Supp. 175; Mobil Oil Corp. v. Tug Pensacola (5th Cir. 1973) 472 F.2d 1175; American Zinc Co. v. Foster (5th Cir. 1971) 441 F.2d 1100; Esso International, Inc. v. SS Captain John (5th Cir. 1971) 443 F.2d 1144; Sinclair Refining Co. v. SS Green Island (5th Cir. 1970) 426 F.2d 260; Moore-McCormack Lines, Inc. v. Amirault (1st Cir. 1953) 202 F.2d 893; Frost v. Gallup (D.R.I.1971), 329 F.Supp. 310; Algonquin Deep Sea Research Corp. v. Perini Corp. (D.Mass.1973) 353 F.Supp. 561; The Manitoba (1886) 122 U.S. 97, 7 S.Ct. 1158, 30 L.Ed. 1095; United States v. Eastport Steamship Corp. (S. D.N.Y.1964) 232 F.Supp. 137.

Having ruled that we believe the law to be as above set forth, we shall simply note certain dicta which might be deemed to support a contrary view. In *Afran Transport, supra,* the Second Circuit observed that "Normally the award of interest may await the court's judgment which finds the amount due" (285 F.2d at 120). However, that observation occurred in a rather cryptic per curiam affirmance of a denial of interest in a collision case, and we do not believe it was intended to modify the *Wright* doctrine, which the court had just cited as authoritative.

In Lady Nelson, Ltd. v. Creole Petroleum Corporation (2nd Cir. 1961) 286 F.2d 684, the appellant challenged the "allowance of interest prior to the decree" (at 688). In affirming, the Court of Appeals ruled that the District Court had properly exercised its discretion in allowing interest "from the date the amount of damages was determined" (Id). Although it could be argued that the court was intending by means of a negative pregnant to foreclose the award of interest *prior to* the determination, no such question was before the court, and we do not so construe the opinion.

We note that it might also be argued that Judge Bonsal has taken a different view of the decisions just discussed. In Triangle Cement Corp. v. Towboat Cincinnati (S.D.N.Y.1967) 280 F.Supp. 73, aff'd, 393 F.2d 936 (2nd Cir. 1968), he cited those two decisions for the proposition that it was "the usual rule that interest begins to run from the date of the final decree" (at 77). See also Maryland Shipbuilding & Drydock Co. v. Patapsco Scrap Corp. (D.Md.1959) 169 F. Supp. 605, aff'd, 268 F.2d 817 (4th Cir. 1959).

In conclusion, it is determined that interest at the rate of 6% should be allowed as follows:

a. with respect to the damages attributable to repairs, from the dates repair payments were made by plaintiff;

b. with respect to the damages attributable to the loss of profits, from the dates such losses occurred. Absent a better criterion, the parties might

agree to the running of interest from September 1, 1970, the approximate median date between the accident and June 27, 1973. Cf. NY CPLR § 5001(b) McKinney's Consol.Laws, c. 308.

Hopefully, the parties—without waiver of any right to challenge the foregoing formula—will be able to stipulate as to the results of its application.

Let judgment be entered accordingly.

So ordered.