**IBERIAN TANKERS COMPANY,**
*Plaintiff-Appellee,*

v.

**GATES CONSTRUCTION CORP.,**
*Defendant-Appellant.*

**No. 106, Docket 74-1675.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 10, 1974.

Decided Oct. 11, 1974.

Raymond P. Hayden, New York City (Hill, Rivkins, Carey, Loesberg & O'Brien, J. Edwin Carey, New York City, of counsel), for defendant-appellant.

Donald M. Waesche, Jr., New York City (Bigham, Englar, Jones & Houston, New York City), for plaintiff-appellee.

Before KAUFMAN, Chief Judge, and SMITH and TIMBERS, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Southern District of New York in admiralty, Whitman Knapp, *Judge*, allowing prejudgment interest. 369 F.Supp. 474 (S.D.N.Y.1974). The action arose out of the stranding of appellee's vessel. The district court found that the stranding was caused by the negligence of both parties, appellant's flotilla having fouled and displaced a buoy and appellee's ves-

---

sel having been navigated negligently and at excessive speed, and therefore made an equal division of damages, allowing appellee to recover $280,000. It also awarded appellee prejudgment interest, stating that it did so reluctantly in view of its finding that appellee's negligence was substantial, whereas appellant's negligence had been "just about" established. The court felt compelled to reach this conclusion in light of this court's decision in The Wright, 109 F.2d 699 (2d Cir. 1940): It read *The Wright* as so limiting an admiralty court's discretion that it is required to grant prejudgment interest in all cases except those situations—not present here—where there is either inordinate delay in filing the action or a mutual fault collision in which both parties are damaged. We hold that the court construed the scope of its discretion too narrowly, and we therefore reverse and remand for reconsideration.

The court's interpretation of *The Wright* is perhaps plausible enough in light of the language of that decision alone,[1] but in two subsequent cases we have given broader scope to the discretion of district courts in awarding prejudgment interest. Afran Transport v. The Bergechief, 285 F.2d 119 (2d Cir. 1960) (per curiam); Lady Nelson, Ltd. v. Creole Petroleum Corp., 286 F.2d 684 (2d Cir. 1961). In *Afran Transport* we noted that, although under *The Wright* prejudgment interest is not usually awarded in mutual fault collision cases, a district court might nonetheless award it in the exercise of its discretion if the party to whom it is awarded is only slightly at fault, in order to ameliorate the harshness of the equal division of damages rule. 285 F.2d at 120. By similar reasoning, in a case such as this, in which under *The Wright* an award of prejudgment interest would normally be made, the district court has discretion to deny such interest where the party to whom it would be awarded is substantially at fault.

Since the court excessively limited the scope of its discretion, we reverse and remand for that court, after hearing counsel, to reconsider the issue within the proper scope of its discretion.

Reversed and remanded.

---

1. The district judge's emphasis on whether one or both parties are injured, however, is undercut by the citation in The Wright, 109 F.2d at 702, of The Itasca, 117 F. 885, 892 (S.D.Ga.1901), a mutual fault collision case in which only one party was damaged.